UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Sierra Club,

    Plaintiff,

v.                                          Case No. 13-11103

DTE Energy Company, *et al.*,          Honorable Sean F. Cox

    Defendants.

_____/

**ORDER**

On March 12, 2013, Plaintiff Sierra Club ("Plaintiff") filed this action against Defendants DTE Energy Company, DTE Electric Company, and Detroit Edison Company (collectively, "Defendants"). Defendants responded by filing two motions to dismiss.

First, Defendants filed a Motion to Dismiss Pursuant to Rule 12(b)(6) (Docket Entry No. 16) wherein they ask the Court to dismiss Plaintiff's Complaint for lack of standing or, in the alternative, dismiss the First and Fourth Claims for relief to the extent they relate to predecessor permits, for which there is no subject matter jurisdiction due to lack of notice.

Second, Defendants filed a Motion to Dismiss Pursuant to Rule 12(b)(1) (Docket Entry No. 17) wherein they assert that: 1) Plaintiff has failed to a state a claim for all alleged exceedences outside the statute of limitations period; and 2) Plaintiff has failed to state a claim for allegations of violation of NSPS at the St. Clair Power Plant.

This Court referred both of the above motions to Magistrate Judge Mona Majzoub for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). (*See* Docket Entry No. 32, Order of Reference).

On September 23, 2013, Magistrate Judge Majzoub issued a Report and Recommendation. (Docket Entry No. 36). On October 7, 2013, Magistrate Judge Majzoub issued a corrected Report and Recommendation ("R&R") (Docket Entry No. 37) wherein she recommends that the Court: 1) deny Defendants' Motion to Dismiss Pursuant to Rule 12(b)(1) (Docket Entry No. 17); and 2) grant in part and deny in part Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) (Docket Entry No. 16). (R&R at 1). As to Docket Entry No. 16, Magistrate Judge Majzoub recommends that this Court "find that Plaintiff is time-barred from bringing any claims, whether for equitable relief or civil penalties, arising out of alleged violations that occurred before January 13, 2008" and the Court dismiss Plaintiff's Amended Complaint but grant it leave to file a Second Amended Complaint "that includes only those claims arising out of alleged violations that occurred on or after January 13, 2008." *(Id.* at 1-2).

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must filed objections to the R&R within fourteen (14) days after being served with a copy of the R&R. "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." *Id*.

Defendants filed timely objections to the R&R. (Docket Entry No. 38). Plaintiff responded to Defendants objections (Docket Entry No. 39), and Defendants filed a Reply Brief. (Docket Entry No. 40). In addition, both parties filed submissions discussing supplemental authority. (Docket Entry Nos. 41 & 42). Thus, the objections have been exhaustively briefed.

Defendants make four objections, which will be addressed below.

Defendants' first objection is that "Plaintiff's general allegations of injury are not

2

sufficient, even at this stage of the litigation, to support its standing to bring the instant claims." (Objs at 6). Defendants contend that, in "determining whether Sierra Club has standing to assert claims based on alleged opacity exceedences, the Report does not go far enough in scrutinizing Sierra Club's allegations of injury to its members." (*Id*.) The Court disagrees and concurs with the magistrate judge's conclusions that: 1) Defendants' arguments that the Sierra Club has failed to establish (as opposed to plead) standing it premature; and 2) Plaintiff's allegations are sufficient to support its standing to bring its claims at this stage of the litigation. (*See* R&R at 7).

Defendants' second objection is that "Plaintiff must establish standing for each of the alleged exceedences of the opacity standards." (Objs. at 15). Defendants assert that because the Amended Complaint alleges "1499 six-minute opacity events" each exceedence should be deemed a separate claim and Plaintiff must establish standing as to each of the alleged exceedences. (*Id*. at 15-16). This Court concludes that the magistrate judge properly rejected that argument. (*See* R&R at 7-8, stating that "Defendants provid[ed] no support for this assertion," while Plaintiff identified several cases wherein courts have allowed a plaintiff to proceed in similar circumstances.).

Defendants' third objection is that "[t]he factual jurisdiction issue should be addressed before the case proceeds on the merits." (Objs. at 18). Again, this Court concurs with the magistrate judge's determination as to this issue. While this Court has the discretion to grant Defendants' request for limited discovery on the issue of standing and hold an evidentiary hearing on the issue before proceeding to merits discovery, this Court does not believe that is the best course under the circumstances of this case.

Defendants' fourth and final objection is that the "statute of limitations should not be

3

tolled for 60 days as a result of the notice period in the CAA's citizen suit provision." (Objs. at 21). Defendants note that the Sixth Circuit has not yet addressed this narrow issue (i.e., whether the statute of limitations should be equitably tolled for the 60-day period) and that one other case has calculated the limitations period without it. Despite the lack of authority from the Sixth Circuit on this issue, this Court agrees with the magistrate judge that the authorities relied on by Plaintiff provide a sound rationale for tolling the statute of limitations in this matter from January 13, 2008. (*See* R&R at 13)

Accordingly, IT IS ORDERED that the Court hereby ADOPTS the October 7, 2013 R&R and ORDERS that:

1)  Defendants' Motion to Dismiss (Docket Entry No. 17) is DENIED; and

2)  Defendants' Motion to Dismiss (Docket Entry No. 16) is DENIED IN PART AND GRANTED IN PART. The Court rules that Plaintiff is time-barred from bringing any claims, whether for equitable relief or civil penalties, arising out of alleged violations that occurred before January 13, 2008. IT IS ORDERED that Plaintiff's Amended Complaint is dismissed without prejudice and Plaintiff may file a Second Amended Complaint that includes only those claims arising out of the violations that occurred on or after January 13, 2008. Plaintiff shall file that Second Amended Complaint no later than **January 17, 2014.**

IT IS SO ORDERED.

                                                 S/Sean F. Cox
                                                 Sean F. Cox
                                                 United States District Judge

Dated: January 3, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on

January 3, 2014, by electronic and/or ordinary mail.

            S/Jennifer McCoy
            Case Manager